# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-889 DDN |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint and request for leave to proceed *in forma pauperis*, filed by plaintiff Joseph Michael Devon Engel, prison registration number 1069055.[1]  Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

## Background

On September 3, 2020, plaintiff began filing civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*.  His first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020 due to his failure to exhaust available state remedies.  *Engel v. Payne*, No. 4:20-cv-1211-DDN, ECF No. 8 (E.D. Mo. Sept. 3, 2020). Subsequently, he began filing prisoner civil rights complaints pursuant to 42 U.S.C. § 1983.  For the most part, he submitted his pleadings in bulk, and stated he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff listed numerous entities and officials identified only by generic job titles, and he sought trillions of dollars in damages against them based upon wholly

---

[1] Plaintiff has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included such request in the body of the complaint.  *See* ECF No. 1 at 1.

conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff often sought forms of relief that were unrelated to his claims (such as stocks, properties, outfitted luxury vehicles, and college scholarships) from multiple defendants and non-parties, and he sought relief on behalf of individuals other than himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). Plaintiff repeatedly referred to (and appeared to partially base his entitlement to relief upon) his alleged status as a "sovereign citizen." *See e.g., Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

The cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2) were dismissed, either for one of the reasons articulated therein[2] or because plaintiff failed to comply with Court orders. In *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious

---

[2] For example, in many of plaintiff's actions, the Court determined his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and also determined many complaints were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices. *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN, ECF No. 5 at 6 (E.D. Mo. dismissed Dec. 22, 2020) (listing twenty-nine of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB, ECF No. 4 at 8-9 (E.D. Mo. dismissed Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

complaints. Judge Autrey explained that doing so amounted to abusive litigation practices and could affect plaintiff's future eligibility to proceed *in forma pauperis* as well as potentially subject him to sanctions. Nevertheless, plaintiff continued the practice. As of December 21, 2020, plaintiff was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff has been denied leave to proceed *in forma pauperis*, and his cases have been dismissed without prejudice to the filing of a fully-paid complaint.

As of August 1, 2021, plaintiff has filed more than 150 civil actions. Additionally, the Court has received civil rights complaints that were filed by prisoners other than plaintiff, but were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those he previously filed on his own behalf. *See e.g., Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021). In sum, plaintiff has flagrantly disregarded this Court's prior caution to avoid engaging in abusive litigation practices.

### The Complaint

On or about July 21, 2021, plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against the United States of America, the State of Missouri, and MODOC. ECF No. 1 at 1. Plaintiff's 'Statement of Claim,' in its entirety, is as follows:

> This is in regards to on 5-13-21 after everyone has been made aware again about me being a sovereign citizn [sic] to Missouri and I have sovereign immunity from state & federal & civil & criminal crimes here I sit rights still being violated.

*Id.* Plaintiff describes his injuries as: "civil rights, civil liberty rights, mind raping, [and] physical health." For relief, he seeks "650 Trillion Dollars." *Id.*

### Discussion

As discussed above, plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state

a claim upon which relief may be granted.³  The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Therefore, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The instant complaint contains no allegations establishing that plaintiff is under imminent danger of serious physical injury.  Therefore, he may not proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).

Moreover, plaintiff's allegation of entitlement to release from custody based upon his status as a sovereign citizen is frivolous.  Claims of this "sovereignty" nature completely lack merit and have been summarily rejected by the Eighth Circuit Court of Appeals and other federal courts.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in a tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

Even if plaintiff were allowed to proceed *in forma pauperis* in this matter, the complaint would still be subject to dismissal as legally frivolous because of defendants named by plaintiff.  It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal

---

³ *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As to defendants State of Missouri and MODOC, plaintiff's claims are frivolous because these defendants are not suable under § 1983 for money damages. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' for purposes of a claim for money damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). MODOC, otherwise known as the Missouri Department of Corrections, is an arm or division of the State of Missouri. An agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state is not "person" subject to § 1983 suit). Furthermore, the State of Missouri is also shielded by Eleventh Amendment[4] immunity, which bars a citizen from bringing suit in federal court against a state. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Finally, the complaint would be subject to dismissal because it is malicious. As explained above, plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process. It is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a

---

[4] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Plaintiff's request for leave to proceed *in forma pauperis* will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.  Additionally, the Court will instruct the Clerk of Court to request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive and he is cautioned to avoid such practices in the future.  For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees.  Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of August, 2021.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE